The Chief Justice
delivered the opinion.
On the 1st of September, 1812, Grider executed his bond to Thomas, for the conveyance of 200 acres of his head right survey, when Thomas paid the state price; and Thomas, in consideration thereof, paid to Grider $15Ü, and gave his obligation to Grider to build a house of a certain description. In July, 1813, Thomas sold the land to Mitchell, who agreed to refund to Thomas what he had paid to Grider, and to discharge the obligation Thomas had given to Grider for building the house; Thomas delivered t* Mitchell the original plat and certificate of survey, and *245 agreed to assign to liim the bond On Grider for the convey-ar.ee, which was not then done, because the bond was not present.
A purefca-no-not be protected.
This contract, though verbal, was completely fulfilled on the part of Mitchell by satisfying Thomas what he had paid to Grider, and discharging and taking up the obligation which Thomas had given to Grider, and Mitchell shortly afterwards took possession of the land, but neglected from time to time to obtain an assignment of the bond which Thomas held upon Grider for ti c conveyance of tire land.
With a full knowledge of these facts, Tucas, in March, 1815, procured an assignment to himself from Thomas of the bond which he held on Grider for the land; and Mitchell having heard of this, got Grider to assign to him the plat and certificate of survey, upon giving his bond to indemnify Grider for so doing. The plat and certificate of survey Mitchell caused to be registered, and Lucas having paid the state price, a patent was issued in the name of Mitchell for the land.
In this situation of things, Lucas filed his bill in chancery against Mitchell, Grider and Thomas, praying that Mitchell may be competed to convey Ike title to him; or that cannot be obtained, that Grider may be decreed to pay him the value of the land, and tor general relief.
The court, upon a final bearing, decreed the hill to be dismissed with costs; and from that decree Lucas has appealed to this court, and, by the assignment of error, contends,
1st, That the circuit court ought to have sustained the bill and granted him relief; and if not,
2dly, That the bill ought to have been dismissed without prejudice to his remedy at law; and
Sdly, That the decree for costs is erroneous.
W e can perceive no principle upon which Lucas can be entitled to the aid of a court cf equity.
Mitchell’s contract for the purchase of the land Thomas, having been fairly made and fully complied or, his part, unquestionably gave bim a moral right to the fulfilment of the contract on the pari of Thomas. Consequently, the assignment to Lucas, by Thomas, of the bond which he held upon Grider, was a manifest fraud upon that right; and as Luca's, previous to the assignment, had a knowledge of Mitchell’s contract, and his performance of it, he must be considered as a particeps criminal with Tbo* *246 mas. Whether, as defendants allege, and as is proven by l*le Thomas, Lucas extorted from him the assignment by threa's,' and by taking advantage of his necessity,,for‘the paltry sum of $120 which he owed Lucas, is immaterial. If the allegation be true, it may be some .pali-aron of the conduct of Thomas, while at the same time it would tend to aggravate that of Lucas. Rut if it be not true, the latter must nevertheless have been an auxiliary in the commission of the fraud; and whether he be, the sole author of the traud, or only aided in its commission, a court of equity must equally discountenance his application for relief, founded upon such a transaction.
The the renedv from ign a verbal |aHd,a<blit°it doestiotixtin-gms the mo-it is an av;.i!able defence in suits brn’t parol con-irá^.
But it is contended, that as Mitchell’s contract for the purchase of land was not reduced to writing, it could not, under the statute against frauds and perjuries, give him a right whjch can be recognised by a court of equity, aqd consequently it is inferred that it cannot constitute an available ground of defence.
It is undoubtedly true, that the statute has taken away the remedy to enforce such a contract, but it is equally that it has not avoided the contract nor destroyed the moral obligation to comply with it on the one side, Or the correspondent right which results from it lathe other.— remain, notwithstanding the statute, and although [¡ley cannot he recognised for the purpose of being enforced ^ a» action at law, or a suit in equity, yet they may con-sistenlly with the provisions of the statute, be recognised for the purpose of defence, when a claim is sought to be ca-forced iu contravention of them. ,
It 13 Upon tins principle that it has been invariably held, by courts of equity, to be an available defence to a bill brought for the speci&c performance of a written contract for land,,0 shew that the written contract has oeen rescinded or its terms abated by a subsequent parol agreement, or that by fraud or mistake the written contract does not comport with the true agreement of lite parties. And it is on, the same principle the case of Letcher vs. Burriss and Cosby, 2 Marshall, 106, was decided, fall term, 1819.
The court below was theicfore correct in dismissing the bill
Wilh respect to the mode of dismissing the bill, we can perceive no ground for the objection taken to it.
The hill having been dismissed, not for want of any for-. BJalitv in the proceedings, bat because of the equitable *247 ífence that was set up, there can he no principle upon which a court of equity can sustain Lucas’s claim to be heard a gain in a court of law. Besides, he could be entitled to no substantial remedy at law. In an action upon the bond against Grider, he could.recover bo mere than Thomas, from whom he obtained the bond, with a knowledge ot the notice of his title, would have had a righ' to demand, and Thomas Would have bad a right to demand nothing under the circumstances of this case; for we apprehend the measure of compensation in such a case ought not to exceed the consideration paid; and the whole amount Which Thomas had paid had been refunded to him, and consequently if he had recovered a judgment at law, equity would have interposed to prevent its execution.
a bill ⅛ chancerydis-™!*sed 'iP014 should bV* dismissedpe-remptoniy, outprcjudice
If an ad-vatice be wimoui the assent of ano-advn’nce'niay enure to the benefit ol that other, yet the cingshall'not recover it
ft necessarily”' made a deft. shall recover his cósis.
Hardin tor plaintiff, Crittenden lor defendant.
As agatnst Mitchell, the only pretence ol a claim which Locas has, is for the amount of the state price he paid for the land. That has no doubt enured lo the benefit of Mitch ell. But the payment was made mala fide and without the ‘Consent of Mitchell, and money thus paid cannot be recovered back either in a court of law or of equity.
With respect to the costs, we perceive uo error in the decree.
The objection is to Thomas'* recovering costs. But Tbo-mas was not a necessary party to the suit; and having been unnecessarily brought before the court, he was entitled to '■-OOSlS.
The decree must be affirmed with costs.